UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOAN L. KUEHN
as Trustee of the Joan L. Kuehn Inter Vivos Trust,

    Plaintiff,

Case No.: 8:21 cv 109 T 33 AAS

vs.

CAMBRIDGE VILLAGE ASSOCIATION, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JOAN L. KUEHN as Trustee of the Joan L. Kuehn Inter Vivos Trust, by and through her undersigned attorney, sues Defendant, CAMBRIDGE VILLAGE ASSOCIATION, INC. ("Association") and states:

JURISDICTION AND VENUE

1. This is an action for monetary damages and other relief brought by Plaintiff, JOAN L. KUEHN as Trustee of the Joan L. Kuehn Inter Vivos Trust ("Kuehn"), in relation to the use of abusive, deceptive and/or unfair debt collection practices in violation of 15 U.S.C. § 1692 ("FDCPA") and Fla. Stat. § 559.72 ("FCCPA").

2. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question based on the FDCPA claim and § 1367(a) (supplemental).

3. Kuehn is a resident of Manatee County, Florida and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

4. The Association is a Florida Not for Profit Corporation with its principal place of business at 3203 Cambridge Avenue, Bradenton, Florida 34207. The Association is the entity responsible for the operation of Cambridge Village, a residential

Page 1 of 7

condominium.

5. Kuehn owns the real property located at 6509 Auburn Avenue, Bradenton, Florida 34207 (the "Property"). The Property is owned subject to the governing documents of the Association, including but not limited to the Amended and Restated Declaration of Condominium of Cambridge Village, a Condominium, recorded in Official Record Book 2546, Page 641 et seq. of the Public Records of Manatee County (the "Declaration").

6. Venue is proper in the Tampa Division of the United States District Court for the Middle District of Florida under 28 U.S.C. § 1391(b) and Middle District of Florida Local Rule 1.02(b)(4) because, among other things, a substantial part of the events or omissions giving rise to this action occurred in Manatee County, Florida.

## STATEMENT OF FACTS

7. On March 30, 2020, the Association sent Kuehn a letter alleging that her Property's carport was in violation of the Rules and Regulations (the "Rules") of the Association ("Association Letter 1"). See Exhibit "A."

8. On April 2, 2020, the Association, through its counsel, sent Kuehn another letter alleging that her carport was messy and in violation of Section 9.1(b) of the Declaration and Section 8.5 of the Association's Rules ("Association Letter 2"). See Exhibit "B." Association Letter 2 threatened that "[s]hould further legal action be necessary, we will also be seeking attorney's fees and costs incurred in this enforcement matter."

9. On April 7, 2020, Kuehn's attorney responded to Association Letter 1 and Association Letter 2 notifying the Association that Kuehn was represented by counsel and that she disputed the alleged violations of the Association's governing documents ("Kuehn

Letter A"). See Exhibit "C."

10. On May 7, 2020, despite being made aware that Kuehn was represented by counsel, the Association sent Kuehn a letter directly demanding that she pay all of the Association's legal expenses incurred as of the date of the letter ("Association Letter 3"). See Exhibit "D."

11. The Association Letter 3 demanded that Kuehn pay for all of the Association's attorneys fees incurred in relation to the alleged Property's carport violation totaling $1,629.70.

12. Kuehn categorically denies that her Property was in violation of the governing documents of the Association. However, that dispute need not be resolved as the Association is not entitled to recover its attorney's fees even if the Property was in violation of the governing documents.

13. At no time did the Association initiate litigation against Kuehn and therefore a court order or final judgment does not exist entitling the Association to an award of attorneys' fees against Kuehn.

14. Further, the Association did not fine Kuehn or levy a special assessment against her relating to the attorneys' fees allegedly owed to it.

15. Under the circumstances set forth in the Complaint, the Association's governing documents do not allow for the Association to recover its attorney's fees and costs relating to an alleged dispute over a violation of the Association's Rules the Declaration. Further, no other applicable law permits the Association to recover its attorneys' fees and costs from Kuehn regarding the carport dispute.

16. The Association knew that it is without legal authority to recover its

attorneys' fees and costs from Kuehn relating to the alleged Property carport violation.

17. On May 29, 2020, Kuehn's counsel drafted a letter disputing the alleged debt owed to the Association and demanding verification of same ("Kuehn Letter B"). See Exhibit "E." Further, the Kuehn Letter B advised the Association that it is not permitted to require that a member of the Association pay its attorneys' fees without a corresponding legal proceeding.

18. The Association failed to provide verification of the alleged debt to Kuehn.

19. Further, the Association failed to perform a reasonable investigation as to the validity of the debt.

20. The Association treated the attorneys' fees allegedly owed by Kuehn as a special assessment. The attached ledger evidences the Association wrongfully charging Kuehn for its alleged attorneys' fees incurred in litigation which never existed. See Exhibit "F."

21. The Kuehn Letter B advised the Association that it was required to remove the attorneys' fees charges from Kuehn's assessment leger and that should it fail to do so, Kuehn would potentially take legal action.

22. Despite the demands by Kuehn, the Association continued to assess and demand attorneys' fees against her.

23. Additionally, the amount of attorneys' fees sought to be collected from Kuehn was an amount almost twice what it originally alleged to be owed by Kuehn.

24. Kuehn has retained the law firm of Moran, Sanchy & Associates to represent her in this action and is obligated to pay Moran, Sanchy & Associates reasonable attorney's fees for its services.

25. All conditions precedent to the bringing of this action have been performed, have occurred, or have been waived.

## COUNT I – CLAIM FOR VIOLATION OF FLA. STAT. § 559.72

26. Plaintiff re-alleges paragraphs 1-25 above as though set forth fully.

27. This claim is brought against the Association for violation of Fla. Stat. § 559.72(9 & 18).

28. The attorneys' fees that the Association attempted to collect from Kuehn is a consumer debt as defined by § 559.55(6).

29. The Association is a debt collector as defined by § 559.55(7).

30. Kuehn is a debtor as defined by § 559.55(7).

31. The Association attempted to collect the attorneys' fees debt from Kuehn on numerous occasions when it knew that the debt was not legitimate.

32. Additionally, the Association intentionally and/or recklessly communicated with Kuehn in an attempt to collect the attorneys' fees despite having been provided notice that Kuehn had retained counsel to represent her in the dispute.

WHEREFORE, Kuehn requests judgment be entered against the Association for damages including but not limited to statutory damages, pre-judgment and post-judgment interest, attorney's fees, costs, injunctive relief and any such other relief as this Court deems just.

## COUNT II – CLAIM FOR VIOLATION OF 15 U.S.C. § 1692

33. Plaintiff re-alleges paragraphs 1-25 above as though set forth fully.

34. This claim is brought against the Association for violation of 15 U.S.C. § 1692.

35. Kuehn is a consumer as defined by § 1692a(3).

36. The Association is a debt collector as defined by § 1692a(6).

37. The Association intentionally and/or recklessly communicated to Kuehn in an attempt to collect its attorneys' fees despite having been provided notice that Kuehn had retained counsel to represent her in all matters with respect to the carport dispute, in violation of 15 U.S.C. § 1692c(a)(2)&(c). The Association made the communication without the consent of Kuehn or her counsel.

38. The Association continued to communicate with Kuehn regarding the attorneys' fees allegedly owed despite Kuehn notifying it in writing that she refused to pay the debt, in violation of § 1692c(c).

39. The Association violated § 1692f(1) by attempting to collect additional fees and amounts incidental to the alleged attorneys' fees debt and such fees are not expressly authorized by an agreement or law.

40. The Association failed to provide Kuehn with proper notice of debt within five days after its initial communication with her in violation of 15 U.S.C. § 1692g(b). Following Kuehn's dispute of the debt, the Association failed and refused to provide Kuehn with verification of the debt.

WHEREFORE, Kuehn requests judgment be entered against the Association for damages including but not limited to statutory damages, pre-judgment and post-judgment interest, attorney's fees, costs, injunctive relief and any such other relief as this Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all counts.

                      **MORAN, SANCHY & ASSOCIATES**
                      1800 Second Street, Suite 830
                      Sarasota, Florida 34236
                      P: (941) 366-1800
                      F: (941) 954-7101

                      */s/ Don Cahall*
                      _____

                      **Don R. Cahall – Trial Counsel**
                      Florida Bar No. 0110578
                      E-mail: dcahall@moransanchylaw.com
                      *Attorneys for Plaintiff*