UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOAN L. KUEHN,**
**as Trustee of the Joan L. Kuehn**
**Inter Vivos Trust,**

    **Plaintiff,**
v.                                **Case No.: 8:21-cv-109-VMC-AAS**

**CAMBRIDGE VILLAGE**
**ASSOCIATION, INC.,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Defendant Cambridge Village Association, Inc. (Cambridge) moves for an award of attorney's fees against Plaintiff Joan Kuehn, as Trustee of the Joan L. Kuehn Inter Vivos Trust. (Doc. 18). The plaintiff opposes the motion. (Doc. 28). Cambridge replied in opposition to the plaintiff's response. (Doc. 31). It is **RECOMMENDED** that Cambridge's motion for attorney's fees (Doc. 18) be **DENIED**.

**I.   BACKGROUND**

The plaintiff sued the Cambridge for alleged violations of the Florida's Consumer Collection Practices Act, Fla Stat. § 559.72, et seq. (FCCPA) (Count I) and the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq. (FDCPA)

1

(Count II). (Doc. 1).

Cambridge moved to dismiss the plaintiff's complaint for failure to state a cause of action and lack of subject matter jurisdiction. (Doc. 15). On the due date for the plaintiff's response to Cambridge's motion to dismiss, the plaintiff filed a notice of voluntary dismissal with prejudice under Fed. R. Civ. P. 41. (Doc. 16). That same day, the court entered an order accepting the notice of dismissal. (Doc. 17).

Cambridge now moves for an award of attorney's fees under the fee shifting provisions of the FCCPA, Fla Stat. § 559.72(2). (Doc. 18).[1] The plaintiff opposes the motion. (Doc. 28). After requesting and receiving leave of the court, Cambridge replied in opposition to the plaintiff's response. (Docs. 30, 31).

## II.   ANAYLSIS

Cambridge argues it is entitled an award of attorney's fees under the FCCPA, Fla Stat. § 559.72(2), because the plaintiff's complaint lacked a justiciable issue of law or fact. (Docs. 18, 31). In response, the plaintiff contends the court lacks collateral jurisdiction to consider Cambridge's motion for attorney's fees because the plaintiff voluntary dismissed the action. (Doc. 28, pp. 2-4). The plaintiff also contends Cambridge is not entitled to an award of

---

[1] In compliance with Local Rule 7.01, M.D. Fla., Cambridge's motion addresses only its entitlement to attorney's fees and not the amount to be awarded.

attorney's fees under Fla Stat. § 559.72(2) because her complaint raises justiciable issues. (*Id.* at pp. 4-7).

### A. Collateral Jurisdiction

The plaintiff argues *Shore v. Greenspoon Marder, P.A.*, No. 6:18-cv-1893-Orl-28DCI (M.D. Fla. Oct. 23, 2019), suggests federal courts lack collateral jurisdiction to determine if a party is entitled to attorney's fees when the plaintiff voluntarily dismisses the action. In *Shore*, the court found that the defendant failed to establish the court has collateral jurisdiction to award attorney's fees when the plaintiff voluntarily dismissed the action. *Id.* at *3. However, the court also noted that "neither party adequately briefed the jurisdictional issue." *Id.* The opinion added that even "assuming the Court has jurisdiction to entertain the motion, it is due to be denied" because the motion "fails to establish entitlement to the relief requested under the stated authority, i.e. section 559.77(2)." *Id.*

Cambridge cites *Shelton v. Schar*, No: 5:17-cv-86-Oc-PGBPRL, 2018 WL 3636698 (M.D. Fla. Apr. 23, 2018), in support of its argument that the court has collateral jurisdiction to consider Cambridge's motion for attorney's fees. In *Shelton*, the plaintiffs voluntarily withdrew their claims, including a FCCPA claim, under Fed. R. Civ. P. 41 after the defendants moved to dismiss

3

the complaint. 2018 WL 3636698, at *1 (M.D. Fla. Apr. 23, 2018). The court rejected the plaintiff's argument it lacked collateral jurisdiction to consider the defendant's motion for attorney's fees. *Id.* at *4. The court noted "it is well established that a federal court may consider collateral issues after an action is no longer pending," including awarding costs and attorney's fees. *Id.* (quoting *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395 (1990)). "This is because motions for attorney's fees are 'independent proceedings supplemental to the original proceeding and not a request for a modification of the original decree.'" *Id.* (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 170 (1939)).

The court agrees with the reasoning in *Shelton* and concludes there is no jurisdictional impediment to the court considering Cambridge's request for attorney's fees. That said, the court must still determine whether Cambridge is entitlement to attorney's fees under the FCCPA.

### B.  Entitlement to Attorney's Fees

The "American Rule" establishes that litigants "are ordinarily required to bear their own attorney's fees," and that a prevailing party is not entitled to recover attorney's fees absent express statutory authority or an enforceable contract. *Buckhannon Bd. & Care Home v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) (citations and quotation omitted). A fee

4

applicant has "the burden of establishing entitlement to an award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Cambridge asserts it is statutorily entitled to attorney's fees under FCCPA's fee-shifting provisions, Fla. Stat. § 559.77(2). (Doc. 18). Under Fla. Stat. § 559.77(2), a defendant to an FCCPA claim may recover its reasonable attorney's fees if the plaintiff's suit "fails to raise a justiciable issue of law or fact." However, "the statute does not define what constitutes a failure to raise a justiciable issue of law or fact." *Celestine v. JPMorgan Chase Bank, N.A.*, 2018 WL 6812675, at *3 (S.D. Fla. Oct. 24, 2018).

"'Florida courts have consistently held that in order for an action to be devoid of merit so as to not have a justiciable issue, the claims must be frivolous.'" *JES Properties, Inc. v. USA Equestrian, Inc.*, 432 F. Supp. 2d 1283, 1290 (M.D. Fla. 2006) (citation omitted); *see also Shelton*, 2018 WL 3636698, at *4 (explaining that the standard for an award of fees under the FCCPA "is equivalent to a finding that the claim was frivolous"); *Lacayo v. Wells Fargo Bank, N.A.*, No. 16-23187-CIV-MORENO, 2020 WL 2488377, at *6 (S.D. Fla. Apr. 13, 2020) (applying frivolity standard to the defendant's claim for fees under the FCCPA); *Conner v. BCC Fin. Mgmt. Servs., Inc.*, 597 F. Supp. 2d 1299, 1302 (S.D. Fla. 2008) ("Florida courts have consistently held that in order

5

for an action to be devoid of merit so as to not have a justiciable issue, the claims must be frivolous.").

Cambridge failed to meet its burden in proving the plaintiff's FCCPA claim (count I) is frivolous. To state a claim under the FCCPA, the plaintiff must allege: "(1) the defendant is a person within the meaning of the FCCPA, (2) the defendant collected or attempted to collect a debt from the plaintiff, and (3) the defendant committed an act or omission prohibited by the FCCPA when it collected or attempted to collect the debt." *Baumann v. Prober & Raphael*, No. 6:15-cv-1951-PGBGJK, 2017 WL 10350673, at *2 (M.D. Fla. May 17, 2017) (citing Fla. Stat. § 559.72). The plaintiff's complaint adequately contains these allegations. (*See* Doc. 1, p. 5).

Although the parties dispute whether the plaintiff qualifies as a "debtor" and Cambridge is a "person" subject to the FCCPA, this dispute does not rise to the level of proving the plaintiff's claim is frivolous. *See Shore*, 2019 WL 5865286, at *3 (finding that the plaintiff's action, "though misguided and ineffective," "was not objectively frivolous" and declining to award the defendant attorney's fees); *Wilson v. Transworld Sys., Inc.*, 2003 WL 21488206, at *2 (M.D. Fla. Jun. 10, 2003) (finding that the defendant prevailed on summary judgment insufficient to satisfy the section 559.77(2) standard).

In any event, even if the court found the plaintiff's FCCPA claim is frivolous, "the language of Section 559.77(2) directs that a plaintiff's entire suit—not just the particular FCCPA claim at issue—be non-justiciable to warrant an award of fees to a defendant." *Medley v. Dish Network L.L.C.*, No. 8:16-CV-2534-T-36CPT, 2020 WL 7646966, at *3 (M.D. Fla. Dec. 7, 2020); *see also Davis v. Nat'l Med. Enter., Inc.*, 253 F.3d 1314, 1320 (11th Cir. 2001) (explaining that under Florida law where claims are "separate and divisible, each should be given separate consideration for the purpose of awarding attorneys' fees"); *Solis v. Glob. Acceptance Credit Co., L.P.*, 2015 WL 12978731, at *2 (S.D. Fla. Mar. 13, 2015) (concluding that "because the remaining FCCPA claims in the complaint were at least justiciable, [d]efendants are not entitled to fees"); *Herrera v. Bank of Am., N.A.*, 2016 WL 4542105, at *10 (S.D. Fla. Aug. 31, 2016) ("Although the Court finds that no material issue of genuine fact remains based upon the record evidence presented and briefing on the issues, it declines to determine that the action as a whole would fail to raise a justiciable issue of law or fact.").

Cambridge states "[f]or purposes of this Motion, [it] seeks to recover fees under the FCCPA, despite provisions for recovery of attorney's fees under both [the FCCPA] and [the FDCPA]." (Doc. 18, p. 5, n. 2). While the FDCPA informs

7

the consideration of the FCCPA, the latter "provides a broader standard for recovery of attorney's fees than the FDCPA[.]" *DeBoskey v. SunTrust Mortg., Inc.*, No. 8:14-cv-1778-MS-TGW, 2018 WL 6168125, at *2 (M.D. Fla. Nov. 26, 2018). Under 15 U.S.C. § 1692k(a)(3), a defendant may recover its attorney's fees "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment."

Cambridge failed to show, or even argue, that the plaintiff acted in bad faith and for the purpose of harassment. (*See* Docs. 18, 31). Thus, an award of attorney's fees is not warranted for the plaintiff's claim brought under the FDCPA (Count II).

## IV.   CONCLUSION

Because Cambridge failed to establish it is entitled to attorney's fees under the FCCPA and the FDCPA, it is **RECOMMENDED** that Cambridge's motion for attorney's fees (Doc. 18) be **DENIED**.

**ENTERED** in Tampa, Florida on July 16, 2021.

*/s/ Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## **NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.